FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50035 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01020-PA-1 |
| v. | MEMORANDUM[*] |
| FARID OTHMAN SHALABI, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 7, 2010[**]
Pasadena, California

Before: TROTT, WARDLAW, Circuit Judges, and BREWSTER, District Judge.[***]

Four months after pleading guilty to aiding and abetting his brother in filing

false tax returns that failed to report almost $400,000 in income from a coupon

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

processing business, Shalabi filed a motion to withdraw his guilty plea. The "fair and just reasons" he advanced in support of his motion were (1) that he <u>believed</u> his plea was part of a package deal involving his brother, and that if he did not go through with it, his sickly brother would be forced to undergo a daunting retrial, and (2) that he did not understand that the consequences of his felony tax plea might include the loss of business licenses he needed to make a living.

The district court held a thorough hearing on Shalabi's claims, and denied his motion to withdraw. He appeals that ruling.

The district court's findings and conclusions that (1) there was insufficient objective evidence to conclude that Shalabi's plea was a part of a package deal, and (2) that Shalabi was fully aware of the possible consequences to his business licenses before entering the plea are fully supported by the factual record. Thus, the district court's exercise of discretion in denying Shalabi's motion was appropriate.

As we recently said in <u>United States v. Briggs</u>, 623 F.3d 724, 729 (9th Cir. 2010), it appears that Shalabi "only wanted to change his plea once he was face-to-face with the full consequences of his conduct."

AFFIRMED.